| **Fill in this information to identify your case:** |
| --- |
| CHALE VERDELL CLARK |
| Last four digits of SSN: 5414 |
| 107 Brick Greens Road |
| Goose Creek, SC 29445 |
| |
| United States Bankruptcy Court for the: District of South Carolina |
| |
| Case number __22-01844-dd_____ |

☐  Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐   Pre-confirmation modification

☐   Post-confirmation modification

_____

District of South Carolina

# Chapter 13 Plan

05/2

## Part 1: Notices

**To Debtors:**  **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation.  **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.**  The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items.  If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
| --- | --- | --- | --- |
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ▪ Included | ☐ Not included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4** | ▪ Included | ☐ Not included |
| 1.3 | **Nonstandard provisions, set out in Part 8** | ▪ Included | ☐ Not included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ▪ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

**2.1**   The debtor will pay the trustee as follows:   **$2300 per month for sixty (60) months**

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court, unless otherwise ordered.

**2.2  Regular payments to the trustee will be made from future income in the following manner:**

☐    The debtor will make payments pursuant to a payroll deduction order.
☐    The debtor will make payments directly to the trustee.
▪    Other (specify method of payment): tfsbillpay.com

Debtor __Chale Verdell Clark_____          Case Number ___22-01844-dd_____

**2.3 Income tax refunds.**

- ■ The debtor will retain any income tax refunds received during the plan term.
- ❏ The debtor will treat income tax refunds as follows: _____

**2.4 Additional payments.**

- ■ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

### Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1 Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ❏ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

- ■ **3.1(c)** The debtor will to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

**3.2 Request for valuation of security and modification of undersecured claims.** *Check one.*

- ❏ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

  ***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

- ■ Non-governmental claims. The debtor requests that the Court determine the amount of the secured claims listed below, as set out in the column headed Amount of secured claim. Unless otherwise ordered by the Court, a proof of claim sets the total amount of a claim, but the plan controls the amount of the secured claim, unless a lower secured claim amount is acknowledged in the proof of claim. The amount of the secured claim will be paid in full with interest at the rate stated below.

  The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5. Unless stated in Part 8.1, any applicable taxes and insurance related to the collateral shall be paid directly by the debtor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Badcock Furniture | $3000 | Household goods and furnishings | $1000 | $0 | $1000 | 5.25% | $20 (or more) |

**3.3 Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

- ❏ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
- ■ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. Unless otherwise ordered the applicable proof of claim sets the amount to be paid at the interest rate set below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise stated in Part 8.1, any applicable taxes and insurance shall be paid directly by the debtor. Unless there is a non-filing co-debtor who continues

Debtor  __Chale Verdell Clark_____  Case Number __22-01844-dd____

to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or discharge order § 1328.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| CarMax | 2015 Buick Enclave | $10,000 | 5.25% | $190 (or more) Disbursed by <br> ▪ Trustee <br> ❑ Debtor |

**3.4  Lien avoidance.**

❑   **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.***

▪   The Debtor(s) state that the judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of an order, whether included in the order confirming the plan or otherwise avoiding liens or security interests. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Cynthia Speller – judgment lien on real property located at 107 Brick Greens Road Goose Creek, SC 29445 | $1614 | $278,000 | $52,000 - S.C. Code Ann. § 15-41-30(A)(1)(a) | $330,000 | $0 | $1614 |

**3.5  Surrender of collateral.**

▪   **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

## Part 4:  Treatment of Fees and Priority Claims

**4.1  General:** The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees:** Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees**

   a.  The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

   b.  If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further modification of the plan.

❑  **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

Debtor _Chale Verdell Clark_____    Case Number __22-01844-dd____

   a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to _____ (state name of DSO recipient) , at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*
   b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.
   c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**
   ▪ **None**. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5:  Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.** *Check one.*
Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.
   ▪ The debtor estimates payments of less than 100% of claims.
   ❑ The debtor proposes payment of 100% of claims.
   ❑ The debtor proposes payment of 100% of claims plus interest at the rate of ___%.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*
   ▪ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*
   ▪ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## Part 6:  Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

   ▪ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## Part 7:  Vesting of Property of the Estate

**7.1 Property of the estate will vest in the debtor as stated below:**

   ▪ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession and use of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.
   ❑ **Other.**  The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1.  This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8:  Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

   ❑ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3:***

   *(a)    Mortgage payments to be disbursed by the Trustee ("Conduit"):*
   *In addition to the below, the provisions of the assigned Judge's Operating Order In re:  Conduit Mortgage Payment in Chapter 13 Cases are incorporated herein.*

| *Name of Creditor* | *Description of Collateral* *(note if principal residence; include county tax map number and complete street address)* | *Current installment payment (ongoing payment amount) \** | *Monthly payment to cure GAP \*\* (post-petition mortgage payments for the two (2) months immediately following the event beginning conduit)* | *Estimated amount of PRE-PETITION ARREARAGE\*\* (including the month of filing or conversion)\** | *Monthly payment on pre-petition arrearage* |
|---|---|---|---|---|---|
| *Cardinal Financial Co.* | 107 Brick Greens Road Goose Creek, SC 29445  *TMS: 244-08-01-004* | $1527.51  *Escrow for insurance: yes*  *Escrow for taxes: yes* | $51 or more | $14,600 | $215 or more |

Debtor  Chale Verdell Clark_____                                   Case Number   __22-01844-dd____

\* *Unless otherwise ordered by the court, the amounts listed on a compliant proof of claim or a Notice filed under FRBP 3002(c)control over any contrary amounts above, and any Notice of Payment Change that might be filed to amend the ongoing monthly payment amount.*

\*\* *The Gap will be calculated from the payment amounts reflected in the Official Form 410A Mortgage Proof of Claim Attachment and any Notice of Payment Change that might be filed to amend the monthly payment amount, but should not be included in the prepetition arrears amount.*

*All payments due to the Mortgage Creditor as described in any allowed Notice of Post-petition Mortgage Fees, Expenses, and Charges under F.R.B.P. 3002.1, filed with the Court, will be paid by the Trustee. See according to the requirements of the Operating Order of the Judge assigned to this case, on a pro rata basis as funds are available.*

*Once the trustee has filed a Notice of Final Cure under F.R.B.P. 3002.1(f), the debtor shall be directly responsible for ongoing mortgage payments and any further post-petition fees and charges unless otherwise ordered by the Court.*

## Part 9:  Signature(s)

**9.1 Signatures of the debtor and the debtor's attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

✘ /s/ Chale Verdell Clark  _____
   Chale Verdell Clark

   Executed on __July 14, 2022___

   /s/ R. Michael Drose_____          Date:  July 14, 2022
   R. Michael Drose Dist Ct ID #609
   Attorneys for Debtor
   Drose Law Firm
   4900 O'Hear Ave
   Charleston, SC 29405
   843-767-8888 telephone
   843-620-1035 facsimile
   drose@droselaw.com email

   **By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

Debtor  Chale Verdell Clark_____                                    Case Number   22-01844-dd____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>CHALE VERDELL CLARK<br>Last four digits of SSN: 5414<br>107 Brick Greens Road<br>Goose Creek, SC 29445<br><br>                  Debtor. | CASE NO:  **22-01844**<br><br>CHAPTER 13<br><br>CERTIFICATE OF SERVICE |

I hereby certify that the foregoing Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the below stated date. The specific list of the names and addresses of parties served with the plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**
James M. Wyman, Chapter 13 Trustee


Date:   July 14, 2022                                 BY:  /s/ Ashlee Jack
                                                                    Ashlee Jack
                                                                    Office Personnel
                                                                    Drose Law Firm
                                                                    4900 O'Hear Ave
                                                                    Charleston, SC 29405
                                                                    Phone:  843-767-8888
                                                                    Fax:  843-620-1035
                                                                    drose@droselaw.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 22-01844-dd<br>District of South Carolina<br>Charleston<br>Thu Jul 14 12:07:27 EDT 2022 | (p)W S BADCOCK CORPORATION<br>POST OFFICE BOX 724<br>MULBERRY FL 33860-0724 | Berkeley County Tax Collector<br>PO Box 6122<br>Moncks Corner SC 29461-6120 |
| (p)CARMAX AUTO FINANCE<br>225 CHASTAIN MEADOWS CT<br>KENNESAW GA 30144-5897 | Cardinal Financial Co.<br>PO Box 653<br>Lake Zurich IL 60047-0653 | Chale Verdell Clark<br>107 Brick Greens Road<br>Goose Creek, SC 29445-7347 |
| Cynthia Speller<br>144 Pidgeon Bay Road<br>Summerville SC 29483-3469 | Discover Card<br>Discover Financial Services<br>P.O. Box 6103<br>Carol Stream IL 60197-6103 | R. Michael Drose<br>Drose Law Firm<br>4900 O'Hear Ave Floor 100<br>Ste 103<br>29405<br>North Charleston, SC 29405-5091 |
| Jordan Daniel Beumer<br>2712 Middleburg Drive<br>Suite 200<br>Greenville SC 29604 | (p)SOUTH CAROLINA DEPARTMENT OF REVENUE<br>OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY SECTION<br>300A OUTLET POINTE BLVD<br>COLUMBIA SC 29210-5666 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 |
| James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Badcock<br>PO Box 497<br>Mulberry FL 33860 | CarMax<br>Attn: Customer Service<br>PO Box 440609<br>Kennesaw GA 30160 | SC Department of Revenue<br>Attn. LAWYER<br>300 A. Outlet Pointe Blvd<br>Columbia SC 29210 |

End of Label Matrix
Mailable recipients    12
Bypassed recipients     0
Total                  12